First case this morning is People v. Jessica Heath. Counsel for the appellant you may proceed. Before you proceed let me say that Justice Overstreet is a member of this panel and is unable to be here today. He will participate fully and will listen to the oral arguments online. Counsel for the appellant you may proceed. Thank you your honor. We said that because it's recorded so speak loud. May it please the court, counsel. My name is Daniel Janowski and I represent the appellant, Ms. Matter, Jessica Heath. The issues raised in my brief will be discussed this morning concerning counsel both pre-trial and post-trial. And as a preliminary matter I'd like to acknowledge the state's concession on the crankle issue post-trial. So I'd like to spend my time this morning discussing the pre-trial counsel issues. Secondly, as kind of a preliminary matter I'd like to address the assertion that the issue with pre-trial, that was raised pre-trial counsel has not been preserved. As this court's aware there's two requirements to preserve an issue. First that it must be included in a post-trial motion. Here the issue was raised and the motions were a reduction of sentence filed by my client and adopted by her attorney. And secondly that the motion to continue, or secondly that there must be a contemporaneous trial objection. And here there was a motion to continue that was filed while the words objection weren't used. I think that the purpose of it is the same, to try to halt the trial and continue it to a later date. However, if this court finds that the error, or finds that this has been played, it can be reviewed via plain error in the Walter decision that I've cited in my reply brief to show that this can be reviewed under the second prong that it's a serious error that challenges the fairness and integrity of the proceedings. Now to set the stage, on the morning of trial the public defender had appeared on behalf of my client and her husband. And both of them had been telling the court for some time, roughly three months, that they were seeking new counsel. Her husband had new counsel there who was willing and able to get ready. And my client, her counsel, was named Mr. Kilgore. And he was said to be on his way, he was running late from Perry County. That was representation made by the public defender to the court, so an officer of the court. Do you know how long the hearing went on? The record isn't clear. I believe it was roughly an hour for the actual stipulated bench trial. Did Mr. Kilgore ever show up at the hearing? There's no record made that he appeared. So whether he appeared and sat in the back of the courtroom waiting until everything was over to discuss things with his client, but what he did not do was show up and say, Judge, I'm here, can I please enter my appearance? So the reason the record doesn't indicate that he ever showed up, ever entered an appearance, or ever participated in this case in any way? No. No, there isn't, Your Honor. And so there's three errors that we submit that the trial court had committed. The first was that it abuses discretion by not inquiring of my client as to the reasons for her new counsel. As the court's aware, the defendant has an absolute right to counsel of choice, except it can't be used to delay or thwart the administration of justice. And for this proposition, I submit to this court the Basler case from this court from 1999 that shows that a failure to inquire by the trial court as to whether the defendant is being truthful and honest in their requesting for continuance, or to determine whether delay is just an attempt to delay and thwart justice, and there's abusive discretion, meaning reversal is warranted. In Basler, the defendant had appeared. She was on a DUI trial, had requested new counsel. There was no counsel who was – she didn't have anybody in mind. She couldn't give a name. She hadn't contacted anybody else. And the trial court mechanically denied that and said, man, this is a separate trial today. And so therefore, we're going. And so this court had found that that was an abuse of discretion since the court did not inquire into the reasons for the delay, the reasons for why she wanted new counsel, or in order to make that determination. The second error here where the court probably failed to consider those factors in granting a motion to continue, and for this I submit the Childress case from the First District, and it shows that there's four factors that the court is to consider. The first is that the court should consider whether the defendant's request is a guise to thwart or embarrass justice. And here, there is a thing to suggest that that would be the case that my client had submitted to the court, but the reason for the delay, even though the court had not asked her about it, wasn't the reason that her husband had retained counsel. He was there that morning, and that whenever they had retained him, he had made a representation to them that they would need to have separate attorneys, presumably for some conflict of interest issues. And so therefore, she, quote, so little she's ever had for this day in order to retain her new counsel. So that would be the offer for her for why the delay in the retention of new counsel. So was the motion to continue denial as an issue raised in the post-trial motion? Yes, it was. It was a motion to reconsider sentence, and it was raised as a pro se motion, so I think the name might be misleading there, but she had raised that issue that the denial was improper for her to receive new counsel. The second issue, or the second factor to be considered is whether the lack of evidence that new counsel was ready, as we've already discussed, there was a name given to the court, representation by the public defender that he was on his way, just running late. And so that would be the only thing that would suggest that he wasn't ready, other than the fact that there wasn't any record made of if or when he had appeared. The third factor was the failure by the defendant to articulate a reason for new counsel. That should be weighed by the court here. My client was never asked for any reasons for why she wanted new counsel, so that's why there wouldn't be anything there that should weigh in favor or against her. And finally, whether there was representation by counsel for a long period of time. This case, it took about 18 months for this case to be charged and then go to trial. The first 14 months of that, they were represented by private counsel. There was a motion to withdraw that was filed and granted, and so then there was about three months that occurred between October and December, between the time that my client had requested new counsel and by the time that the bench trial had been scheduled and that she had actually retained new counsel. The public defender had acted as counsel for two months during that period of time. The first three to four weeks, she was pro se while she looked for counsel. And so therefore, this isn't a long period of time. It was over the holidays. So this wasn't a particularly long period of time that she had the public defender, so that factor also doesn't weigh against her. And so therefore, had the court weighed these factors, it would have necessitated a continuance of the bench trial. And finally, the public defender admitted that he was unprepared for trial due to the fact that she had been telling her, my client had been telling her attorney, that they were going to be retaining a counsel. She had not met with him, even though she would have been told the record shows twice to come meet with him. And so therefore, the court should have considered certain other different factors, although they're very similar from the Walker case cited in my brief from the Illinois Supreme Court. And those also weigh in favor of a continuance being granted. The first is the defendant's diligence. Like I said, this was a three-month period. By the time she had fired her old counsel, it was the bench trial. It was over the holidays. And so we also know that her husband had retained counsel and that they were trying to sell the property in order to come up with a retainer for the new counsel. The defendant's right to a speedy and impartial trial. Obviously, this is something that she was willing to waive by asking a request for the continuance, and so that wouldn't be an issue here. Whether she was unable to prepare or whether counsel was unable to prepare due to being in other trials, here there's nothing on the record to show that the public defender had been engaged in other trial work, that he wasn't prepared. The history of the case, while it was long, it wasn't an extraordinarily long period of time. The complexity of the matter, these were serious charges, class X and two class I felonies. And finally, docket management, judicial economy, inconvenience to parties and witnesses. The jury labor had already been sized. We knew that this was going to be a bench trial. The state had made a representation to the court that its witnesses were ready and there, ready to go. The record shows that one of them was a Chester police officer, so from in town, and the second was an employee of the Illinois State Police Crime Line from Belleville. So from Belleville to Chester, not an undue burden for them to have to come back. And so due to the fact that this was a bench trial, it would not necessitate that there would be a concern, an undue concern about judicial economy. And so therefore, whenever the court had, using the language of Walker, without considering these factors, the court failed to exercise its discretion. And the only questions I had been asking my client during this procedure took up about a page and a half of the record. And my client was asked, why did you not meet with the public defender, to which she said, I don't know, Judge. I was looking for a new, I was looking for new attorneys. I didn't know exactly how to handle that. And so therefore, the inquiry made of my client wasn't sufficient in order to show that the court had exercised its discretion. And so finally, these errors add up to my client being denied her counsel of choice in this matter, which would require a reversal and remand for a new trial, which is what we request this morning. Any further questions? Thank you, Mr. Janowski. You'll have an opportunity for rebuttal. Thank you, Governor. May face court. Counsel. My name is Sharon Shanahan, and I represent the people of the state of Illinois. I will be discussing, as defense counsel did, the denial of the motion to continue. I would first like to address some of the questions that Justice Morgan's lawyer had some concern about as far as forfeiture. The state disagrees that this issue has been preserved. First of all, plain error wasn't even argued in the defendant's opening brief. It was only after the state said that it was plain error that he came back in his reply brief and argued plain error. Second of all, I don't believe that what a defendant is calling a post-trial motion to preserve this issue is it was a motion to reduce the sentence, and it was filed three months after the verdict, and it was actually filed 31 days after the sentencing. So under 725 ILCS 5-116-1, a post-trial motion must be filed by the defendant within 30 days following the entry of the finding or the return of the verdict. And so she didn't raise an issue regarding this trial in a timely manner. And second of all, the state disagrees with the defendant's interpretation of People v. Hatchett that simply filing a motion to continue and having it denied is implicitly an objection to it. People v. Franson, for example, said New Counsel failed to renew his motion to continue and therefore the defendant waived any objection to the denial of the motion. So the state believes that this issue is not preserved, and should this court decide to review it under plain error, it would be the defendant's burden to establish that, and she has not done that. The defendant and her husband had fundamental differences with their first attorney despite numerous meetings, and she and her husband decided to fire that attorney, actually firing the day before trial, and the day of trial Mr. Mansfield was counsel and he entered his motion to withdraw. It's interesting that he had told the trial court that after he lost the motion to quash, he told the trial court that this would be a stipulated bench trial, or this would be a bench trial and it would probably be a stipulated bench trial. So that's back in September with the first attorney. After they discharged Mr. Mansfield, the case was continued and the trial court gave him three weeks to get new counsel. Three weeks after that, no counsel. Two weeks after that, no counsel. At that point, the trial court appointed the public defender. For three months, the public defender was their attorney, and they never met with him one single time. His words, he ordered them to come see him, and they didn't. They didn't bother to talk to him, and had she done so, when the trial was called in early January, she would have had an attorney that was ready, willing, and able. Now, another question, Justice Moore, that you addressed was whether this attorney was ready, willing, and able. Public defender said that a Mr. Kilgore was going to enter his appearance, and he was in an adjoining county, which may be 20 minutes away, and despite the one-hour-long hearing, he never showed up. He never entered an appearance subsequent to that for any of the post-trial proceedings in this case. What we've got is a name, and that's it. And so she was not ready, willing, and able, as our Supreme Court says in Segoviano. Moreover, when a defendant fails to articulate an acceptable reason for desiring new counsel, and is already represented by an experienced, court-appointed criminal lawyer, which she was, it is not an abuse of discretion to deny the defendant's motion to continue on the day of trial.  And as this Court noted in Watson, when a defendant's request for continuance is necessitated by her own lack of cooperation, the denial of that request will not be set aside. And finally, People v. Franson, when a motion for continuance is made on the date of trial, the defendant must state substantial reasons for her change of counsel. Now, contrary to the defendant's argument here before this Court, the trial court took extraordinary pains to accommodate the defendant's desire to retain private counsel. And, I mean, it gave them an extension of time. Now, the defense counsel here today says that she only had three months to retain counsel. Only three months? In People v. Solomon, an Illinois Supreme Court case, the Supreme Court noted that the public defender was appointed as defendant's counsel approximately two weeks before trial in, quote, ample time to prepare the defense if one, in fact, existed. So the Supreme Court says two weeks is ample time. She had three months. As Solomon went on to say, because the defendant utterly refused to cooperate with his counsel, the defendant could not be heard to complain that the denial of the motion to continue embarrassed his rights or prejudiced his rights. Now, to say that the trial court didn't inquire the reasons for this, again, I believe is a misstatement of the facts of this case. In order to decide this, the trial court doesn't have to ask questions. Did you do this? Did you do this? Did you do this? If sufficient evidence is conveyed to him, the transcript in this case goes on for seven pages, while the trial court, the public defender, the attorney that had entered his appearance for the husband, and the defendant here herself all were talking about this continuance. And she talked to the defendant, excuse me, the trial court talked to the defendant personally for a couple of pages of that transcript. That was the inquiry. It's not a requirement for the trial court to ask a question and then have it answered. If those questions are answered, and they are answered in this seven pages of transcript, then there's sufficient inquiry into the request. Finally, as far as second-prong plain error is, Walker does not support any finding that this is second-prong plain error. If you note that the actual language of Walker says, under the specific facts here, the circuit court completely abdicated its responsibility to conduct an informed deliberation of defense counsel's motion, and instead immediately and reflexively denied the continuance request on the sole basis that the case had been set for trial. The entire exchange between defense counsel and the trial court in Walker was less than one page of transcript. And if you look at Peeble v. Clark, a Supreme Court decision interpreting Walker, it says Walker found second-prong plain error, quote, given the egregious facts of that case. It's a very specific case. And I was unable to discover any other case that held that it was second-prong plain error to deny a continuance. If there are no further questions. Thank you, counsel. Rebuttal. Yes, Your Honor. Brief rebuttal here. I'd just like to bring, of course, attention back to the Basler decision from this court back in 1999. There, the defendant requested on the day of trial a continuance in order to find new counsel. She did not give a name. She hadn't spoken to anybody. And thereby, the way of the court denying that motion to continue without any further inquiry, as counsel alluded to, there are seven pages. I think some of those pages were the state's attorney kind of giving a recitation of facts of what had occurred prior to this hearing date, so it wasn't all necessarily defense counsel or public defender making these representations. How about in that Basler case, since there was no request or no inquiry made by the trial court, that that was enough to say, nope, this was an abuse of discretion, and so, therefore, the case should be reversed and remanded. Any final questions? Thank you, Mr. Janowski. The court will take this matter under advisement and issue its decision in due course.